**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 8 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GABRIEL GONZALEZ-GONZALEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-1681

Agency No.
A206-237-016

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 22, 2025
Moscow, Idaho

Before: TALLMAN, N.R. SMITH, and R. NELSON, Circuit Judges.

Gabriel Gonzalez-Gonzalez, a native and citizen of Mexico, petitions for
review of a Board of Immigration Appeals ("BIA") decision dismissing his appeal
from an immigration judge's decision denying his application for cancellation of
removal because Gonzalez-Gonzalez failed to show that his removal would result in
"exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

§ 1229b(b)(1)(D). We exercise a "deferential standard of review" to mixed questions of law and fact, including the agency's "exceptional and extremely unusual hardship" determination.[1] *Wilkinson v. Garland*, 601 U.S. 209, 221–22, 225 (2024). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

The record supports the BIA's determination that the hardship to Gonzalez-Gonzalez's qualifying sons would not rise to the level of "exceptional and extremely unusual" because it would not be "substantially different from or beyond that which would ordinarily be expected" from a parent's removal from the United States. *Id.* at 215. The BIA found that, while Gonalez-Gonzalez's removal would cause financial and emotional hardship, his wife and adult children could collectively financially support the qualifying sons such that they would not have to drop out of high school to work full time. The BIA did not err in determining that those facts do not satisfy the standard for relief under § 1229b(b)(1)(D). *See id.* at 225 ("Only the question whether those established facts satisfy the statutory eligibility standard is subject to judicial review.").

**PETITION DENIED.**

---

[1] Under any standard of review (de novo, abuse of discretion, or substantial evidence), the record supports the BIA's conclusion. *See Wilkinson*, 601 U.S. at 221–22.